```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

THE VARIABLE ANNUITY LIFE
INSURANCE COMPANY (VALIC),

       Plaintiff,

v.                                    Case No. 8:12-cv-2280-T-33MAP

FAWN LAENG,

       Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to the January 2, 2013, Report and Recommendation of Mark A. Pizzo, United States Magistrate Judge (Doc. # 28), in which Judge Pizzo recommends that Plaintiff VALIC's Motion for Preliminary Injunction (Doc. # 5) be denied.

On January 16, 2013, Defendant Fawn Laeng filed an objection to the Report and Recommendation. (Doc. # 30). VALIC filed an objection to the Report and Recommendation on January 17, 2013. (Doc. # 31). Each party filed a response to the opposing party's objection (Doc. ## 35, 36) on January 30, 2013. After due consideration, and for the reasons that follow, the Court adopts the Report and Recommendation as articulated herein.

I.  **Background**

VALIC is a Texas corporation that markets financial services to tax exempt organizations. (Doc. # 1 at ¶¶ 1, 8). Laeng is a former employee of VALIC. Id. at ¶ 2. As a condition of employment with VALIC, Laeng was required to execute a "Registered Representative Agreement" with VALIC Financial Advisors (VFA). Id. at ¶ 25. Pursuant to the Agreement, "[i]n consideration of [Laeng's] access to VALIC trade secrets, proprietary and confidential information such as the customer base developed by VALIC and the other benefits and opportunities provided to her by VALIC, [Laeng] promised that she would not disclose trade secrets [or confidential and proprietary information] during the term of the agreement or at any time after its termination." Id. at ¶¶ 28-29.

Additionally, Laeng "agreed to a non-solicitation provision, promising for one year after leaving employment not to solicit business from VALIC customers who were within [Laeng's] assigned territories and assigned to her during the one year preceding her departure[.]" Id. at ¶ 31. Importantly, this provision does not prohibit Laeng from competing with VALIC upon departure; VALIC describes the non-solicitation provision as "very reasonable" in that

2

it permits Laeng "to work for a VALIC competitor [and sell] competing products in the same region she worked before her resignation." (Doc. # 5 at 2).

Laeng left VALIC on July 11, 2012, and began working at LPL Financial, one of VALIC's local competitors, the next day. (Doc. # 1 at ¶ 2). VALIC alleges that Laeng is "soliciting and attempting to solicit VALIC's clients, and otherwise improperly competing against VALIC in violation of the restrictive covenants in [Laeng's] employment agreement." Id. VALIC further claims that Laeng's actions "have resulted in more than $629,113.32 being removed from the VALIC accounts of her former clients and moved to accounts brokered by LPL Financial . . . ." Id. at ¶ 6.

On October 5, 2012, VALIC filed the instant action against Laeng. Id. at 1. Also on October 5, 2012, VALIC filed a Motion for Preliminary Injunction, which this Court referred to Judge Pizzo for the issuance of a Report and Recommendation. (Doc. ## 5, 7). Among other requests, VALIC's Motion for Preliminary Injunction sought the Court's issuance of an order enjoining Laeng from "directly or indirectly disseminating VALIC's confidential and proprietary information [and trade secrets]," and also prohibiting Laeng from "attempting to induce any Protected

3

Customer to end or alter his or [her] relationship with VALIC . . . for a period of one year[.]" (Doc. # 5 at 15-16).

Judge Pizzo held a hearing on the Motion for Preliminary Injunction on November 16, 2012. (Doc. # 24). On January 2, 2013, after examining the evidence against the touchstone of Rule 65 of the Federal Rules of Civil Procedure, Judge Pizzo entered a detailed Report and Recommendation (Doc. # 28), finding that the Motion for Preliminary Injunction should be denied.

## II. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the

4

absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

**III. Analysis**

As explained in the Report and Recommendation of Judge Pizzo,

> The decision to grant or deny a preliminary injunction is within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Int'l Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997). . . . In determining whether a preliminary injunction should issue, the district court considers whether the moving party has demonstrated (1) a substantial likelihood of success on the merits; (2) irreparable harm to the moving party unless the injunction issues; (3) the threatened injury to the movant outweighs the potential harm the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not disserve or be adverse to the public interest. MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1240 (11th Cir. 2005). Since a preliminary injunction is an extraordinary and drastic remedy, a district court should not issue a preliminary injunction unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites. Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003).

(Doc. # 28 at 4-5). Judge Pizzo found that VALIC failed to demonstrate a substantial likelihood of success on the merits of its claims against Laeng, and thus that a

preliminary injunction should not issue. This Court agrees.

In VALIC's objections to Judge Pizzo's Report and Recommendation, VALIC argues (1) that Laeng "'scrubbed' the VALIC laptop she used by having someone employ a 'deliberate, sophisticated and time-intensive process to destroy the data,'" and that this "data, were it not completely eliminated, could have been used by VALIC to uncover any trade secret copying or dissemination by Laeng;" (2) that, "in the days before her resignation, Laeng . . . set[ ] an appointment with her then-current VALIC customer to be held the afternoon after her morning resignation;" (3) that VALIC presented "evidence of written solicitations to VALIC customers formerly assigned to [Laeng];" and (4) that "VALIC demonstrated that Laeng facilitated the transfer of hundreds of thousands . . . in funds from . . . protected VALIC clients in the months after her resignation." (Doc. # 31 at 1-2). The Court will address each of these arguments in turn.

VALIC alleges that Laeng "concealed any trade secret violations" by scrubbing her laptop. Id. at 9. This Court agrees with Judge Pizzo's finding that VALIC has produced "no evidence [that Laeng] removed VALIC's trade secrets."

6

(Doc. # 28 at 11). Laeng acknowledges in her declaration that she "wiped [her VALIC laptop] to prevent VALIC['s] dissemination of personal information." (Doc. # 14-1 at 10). VALIC argues that the circumstances surrounding the scrubbing of Laeng's computer make Laeng's justifications for doing so "demonstrably implausible." (Doc. # 31 at 10). Nonetheless, VALIC's suspicions alone are insufficient to establish that Laeng violated the trade secrets provision of the Agreement.

VALIC additionally argues that Laeng's "mass-mailing" of a certain letter to former VALIC clients soon after Laeng's resignation "would [have been] extremely difficult, if not impossible, to accomplish without retaining VALIC's customer information." (Doc. # 31 at 13; Doc. # 5-2 at ¶ 23). Laeng argues, however, that "the names of and contact information for assigned currently enrolled participants within each group were not unique to VALIC," and that "lists of employees or eligible participants in both the Pasco County School District and Hillsborough County School District are publicly available upon request." (Doc. # 14-1 at ¶¶ 39, 42). Accordingly, Laeng has introduced evidence that the mass-mailing was achievable without the use of VALIC's customer information, whereas VALIC has

7

merely suggested that such a task "would be extremely difficult" without that information. Again, VALIC's suspicions fail to establish that Laeng has violated the Agreement's trade secrets provision.

VALIC's claims involving Laeng's alleged violation of the restrictive covenant on non-solicitation are similarly devoid of evidentiary support. Contrary to VALIC's allegation that Laeng "set an appointment with her then-current VALIC customer to be held the afternoon after her morning resignation," the relevant email communication between Laeng and her former customer, "Richard," reveals no solicitation by Laeng whatsoever (Doc. # 5-2 at 26-27). Furthermore, the letter that Laeng admittedly sent to an elementary school principal "was not intended for general distribution," and VALIC presented no evidence to show that the principal was Laeng's former customer (Doc. # 35 at 5; Doc. # 28 at 12); and, although VALIC has shown that several accounts of Laeng's former customers have been transferred from VALIC to Laeng's new company since Laeng's resignation, VALIC has presented no evidence to show that these transfers resulted from any improper solicitation by Laeng (Doc. # 5-2 at ¶ 26; Doc. # 31 at 14-15). The Court thus joins in Judge Pizzo's well-reasoned determination

8

that the record evidence does not support a finding that Laeng breached the Agreement's non-solicitation provision.

VALIC complains that its "ability to counter Laeng's implausible excuses was hampered by . . . the Magistrate's decision to conduct the preliminary injunction proceeding without a full evidentiary hearing, which would have permitted VALIC to cross-examine Laeng." (Doc. # 31 at 2). Notably, the record lacks any indication that VALIC requested a full evidentiary hearing prior to the November 16, 2012, hearing on VALIC's Motion for Preliminary Injunction.

However, even if VALIC had requested a full evidentiary hearing, the Eleventh Circuit has established that "[a]n evidentiary hearing is not always required before issuance of a preliminary injunction." All Care Nursing Svc., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1538 (11th Cir. 1989). The instant case does not constitute one similar to All Care Nursing, for example, in which the Eleventh Circuit determined that "in recognition of the complexity of the facts and the number of parties before the court . . . , '[a] two-day notice, coupled with thirty minutes for oral presentations[,] can hardly be said to constitute a meaningful opportunity to oppose appellees'

9

motion for preliminary injunction.'" McDonald's Corp. v. Robertson, 147 F.3d 1301, 1312 (11th Cir. 1998) (quoting All Care Nursing, 887 F.2d at 1538). Additionally, VALIC does not claim that this injunction "turns on the resolution of bitterly disputed facts," id. at 1311, in which case an evidentiary hearing might be necessary, but instead apparently blames the lack of an evidentiary hearing for VALIC's own shortage of evidence to prove its claims against Laeng.

The Eleventh Circuit has noted that, in "the category of cases where there is little dispute as to raw facts but much as to the inferences to be drawn from them . . . [,] the First Circuit has adopted an approach . . . that 'leaves the balancing between speed and practicality versus accuracy and fairness to the sound discretion of the district court.'" Id. at 1313 (quoting Jackson v. Fair, 846 F.2d 811, 819 (1st Cir. 1988)); see also Cumulus Media, Inc. v. Clear Channel Comm., Inc., 304 F.3d 1167, 1178 (11th Cir. 2002) (applying the Jackson approach). In this case, Laeng does not dispute, for instance, that she scrubbed her laptop or that certain former clients have transferred their accounts to LPL Financial; rather, Laeng disputes that either of these facts indicates a breach of

10

the trade secret or non-solicitation provisions of the Agreement.

The Court acknowledges that "VALIC's injunction seeks only the requirement that Laeng abide by her contractual promises with VALIC." (Doc. # 31 at 3). However, this fact does not excuse VALIC's burden of persuasion as to the four prerequisites for issuance of a preliminary injunction. Because the Court finds that VALIC has failed to demonstrate a substantial likelihood of success on the merits, the Court need not determine whether VALIC established the remaining three prerequisites. The Court additionally need not address the issues raised in Laeng's objection to the Report and Recommendation, as those concerns are immaterial to resolving the Motion for Preliminary Injunction in light of VALIC's inability to establish a substantial likelihood of success on the merits. The Court accordingly denies the Motion for Preliminary Injunction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) United States Magistrate Judge Mark A. Pizzo's Report and Recommendation (Doc. # 28) is **ACCEPTED** and **ADOPTED** to the extent that it finds VALIC has failed

11

to demonstrate a substantial likelihood of success on the merits.

(2) Plaintiff's Motion for Preliminary Injunction (Doc. # 5) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of February, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record