```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

THE VARIABLE ANNUITY LIFE
INSURANCE COMPANY (VALIC),

      Plaintiff,

v.                              Case No. 8:12-cv-2280-T-33MAP

FAWN LAENG,

      Defendant.
_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiff VALIC's Motion in Limine. (Doc. # 50). Defendant Fawn Laeng filed a response in opposition to the Motion on July 26, 2013. (Doc. # 51). For the reasons that follow, the Motion is denied.

**I.  Background**

VALIC is a Texas corporation that markets financial services to tax exempt organizations. (Doc. # 1 at ¶¶ 1, 8). Laeng is a former employee of VALIC. (Id. at ¶ 2). As a condition of employment with VALIC, Laeng was required to execute a "Registered Representative Agreement" with VALIC Financial Advisors. (Id. at ¶ 25). Pursuant to the Agreement, "[i]n consideration of [Laeng's] access to VALIC trade secrets, proprietary and confidential information

such as the customer base developed by VALIC and the other benefits and opportunities provided to her by VALIC, [Laeng] promised that she would not disclose trade secrets [or confidential and proprietary information] during the term of the agreement or at any time after its termination." (Id. at ¶¶ 28-29).

Additionally, Laeng "agreed to a non-solicitation provision, promising for one year after leaving employment not to solicit business from VALIC customers who were within [Laeng's] assigned territories and assigned to her during the one year preceding her departure[.]" (Id. at ¶ 31). Importantly, this provision does not prohibit Laeng from competing with VALIC upon departure; VALIC describes the non-solicitation provision as "very reasonable" in that it permits Laeng "to work for a VALIC competitor [and sell] competing products in the same region she worked before her resignation." (Doc. # 5 at 2).

Laeng left VALIC on July 11, 2012, and began working at LPL Financial, one of VALIC's local competitors, the next day. (Doc. # 1 at ¶ 2). VALIC alleges that Laeng is "soliciting and attempting to solicit VALIC's clients, and otherwise improperly competing against VALIC in violation of the restrictive covenants in [Laeng's] employment

2

agreement." (Id.). VALIC further claims that Laeng's actions "have resulted in more than $629,113.32 being removed from the VALIC accounts of her former clients and moved to accounts brokered by LPL Financial . . . ." (Id. at ¶ 6).

On October 5, 2012, VALIC filed the operative Complaint against Laeng, alleging five causes of action: (1) Misappropriation of VALIC Trade Secrets and Confidential and Proprietary Information; (2) Breach of Contract; (3) Intentional Interference with Existing and Prospective Business Relations; (4) Breach of Duty of Loyalty; and (5) Unjust Enrichment. (Doc. # 1).

Also on October 5, 2012, VALIC filed a Motion for Preliminary Injunction, alleging that Laeng was "actively soliciting her former VALIC customers to transfer their accounts away from VALIC" in violation of her non-solicitation agreement. (Doc. # 5). Among other requests, VALIC's Motion for Preliminary Injunction sought the Court's issuance of an order enjoining Laeng from "directly or indirectly disseminating VALIC's confidential and proprietary information [and trade secrets]," and also prohibiting Laeng from "attempting to induce any Protected

Customer to end or alter his or [her] relationship with VALIC . . . for a period of one year[.]" (Id. at 15-16).

This Court referred the Motion for Preliminary Injunction to Judge Pizzo for the issuance of a Report and Recommendation. (Doc. # 7). Judge Pizzo held a hearing on the Motion for Preliminary Injunction on November 16, 2012. (Doc. # 24). On January 2, 2013, after examining the evidence against the touchstone of Rule 65 of the Federal Rules of Civil Procedure, Judge Pizzo entered a detailed Report and Recommendation (Doc. # 28), finding that the Motion for Preliminary Injunction should be denied. On February 11, 2013, this Court entered an Order accepting and adopting Judge Pizzo's Report and Recommendation to the extent it found that VALIC had failed to demonstrate a substantial likelihood of success on the merits. (Doc. # 37).

On March 20, 2013, Laeng filed a counterclaim, with leave of Court, in which Laeng accuses VALIC of (1) Sex Discrimination and Harassment under Title VII; (2) Title VII Retaliation; (3) Sex Discrimination and Harassment under the Florida Civil Rights Act of 1992; (4) Retaliation under the FCRA; and (5) Negligent Retention and Supervision. (Doc. # 42).

4

In accordance with the Case Management and Scheduling Order (Doc. # 27), entered on December 19, 2012, the deadline for dispositive motions in this case was scheduled for June 14, 2013. The discovery deadline, initially scheduled for May 10, 2013, was subsequently extended by separate Order to August 30, 2013, in response to a joint motion for extension by the parties, in which the parties acknowledged and agreed that "any discovery conducted after the dispositive motions date will not be available for summary judgment purposes." (Doc. # 44 at 2-3).

Neither party filed a motion for summary judgment on or before the deadline imposed by the Case Management and Scheduling Order. On July 12, 2013, VALIC filed the instant Motion in Limine. (Doc. # 50). Laeng filed a response in opposition to the Motion on July 26, 2013. (Doc. # 51). The Court has carefully reviewed the Motion, the response, and is otherwise fully advised in the premises.

## II. **Legal Standard**

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout

the trial." In re Seroquel Prods. Liability Litigation, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried. See LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) (citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)).

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003) ("Inherent in this

standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

### III. Analysis

#### A. Standing and Material Breach

VALIC argues that "the Court should preclude Defendant from presenting evidence or otherwise eliciting testimony that VALIC is not a third party beneficiary to the [Registered Representative Agreement] or that VALIC otherwise lacks standing to enforce the Agreement." (Doc. # 50 at 3). Additionally, VALIC argues that "Laeng should be precluded from arguing that her allegations of sexual harassment constitute or potentially constitute a prior material breach of the [Agreement]," because "[n]o Florida court has held that allegations of sexual harassment constitute a material breach of the contract sufficient to negate a contract's restrictive covenants." (Id. at 4-5).

The Court finds VALIC's arguments regarding standing and breach to be nothing more than disguised bases for a summary judgment motion, which is improper at this juncture

7

of the proceedings.[1] The Case Management and Scheduling Order in this case imposed a dispositive motions deadline of June 14, 2013. (Doc. # 27). Neither party opted to file a motion for summary judgment on or before the deadline, and the Court is not inclined to entertain a motion in limine seeking resolution of arguments suitably raised in a summary judgment motion. Accordingly, the Motion in Limine is denied as to the issues of standing and material breach.

### B. **FINRA**

VALIC "anticipates Defendant Laeng will seek to introduce evidence regarding [Financial Industry Regulatory Authority, Inc.] rules and regulations, including without limitation (a) that the Registered Representative Agreement violates FINRA regulations and is therefore illegal; (b) that Defendant's conduct does not violate FINRA rules or regulations; or (c) that VALIC's conduct violates FINRA rules or regulations." (Doc. # 50 at 2). VALIC argues

---

[1] Notably, VALIC does not cite a single Federal Rule of Evidence to support its argument that evidence relating to the issues of standing and material breach should be excluded as inadmissible at trial, and, with the exception of the FINRA Rules discussed herein, VALIC neglects to describe any particular items of evidence VALIC seeks to exclude. It is thus apparent to the Court that the relief VALIC seeks in this Motion exceeds the proper scope of a motion in limine.

8

that "evidence regarding FINRA rules or regulations should be precluded here because VALIC is not a FINRA member and its rules are not applicable to VALIC," thus rendering such evidence "irrelevant to this case." (Id. at 2-3). In addition to being irrelevant, VALIC argues that this evidence would be "highly prejudicial to VALIC and will potentially confuse the jury by suggesting that VALIC is bound by rules or regulations" that are not controlling. (Id. at 3).

In response to VALIC's contention that evidence of the FINRA rules should be excluded, Laeng argues that VALIC's Motion should be denied because:

> (1) VALIC claims third party beneficiary status pursuant to a contract where the named parties to the contract are subject to FINRA Rules; (2) at least one court previously held VALIC is subject to FINRA Rules when VALIC raised the same arguments; (3) VALIC fails to recognize and acknowledge certain clients for which VALIC seeks damages had accounts with both VALIC and VALIC Financial Advisors, Inc. ("VFA")[;] (4) the Motion is premature because discovery remains open until August 30, 2013[;] and (5) VALIC's counsel failed to confer with Laeng's counsel prior to filing its Motion, as required by Local Rule 3.01(g) and the Case Management and Scheduling Order.

(Doc. # 51 at 1-2).

Because the relevance -- and thus the admissibility -- of the FINRA rules appears to be related to the issue of

VALIC's standing as a purported third party beneficiary to the subject Agreement, the Court declines to determine the admissibility of those rules at this time. As explained above, a motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried.

## IV. Local Rule 3.01(g) Certification

In addition to improperly presenting substantive issues, VALIC's Motion is defective in that it lacks the certification required by Local Rule 3.01(g). That rule requires a moving party to "confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion," and to "file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion." In light of this defect, combined with the problems noted above, the Court denies VALIC's Motion in Limine.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

VALIC's Motion in Limine (Doc. # 50) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of August, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

11